[Civ. No. 2499. Second Appellate District.—November 27, 1917.]

## M. H. MILLS, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF WATTS et al., Respondents.

WYLLIE ACT—CALLING OF ELECTION—FILING OF CLERK'S CERTIFICATE WITHIN TIME ESSENTIAL—MANDAMUS.—Under the Wyllie Act (Stats. 1911, p. 599) no duty is incumbent on the board of trustees of a city to call an election to determine the question whether the sale of alcoholic liquors shall be licensed therein until the city clerk files his written certificate showing the petition to have been signed by the requisite number of qualified electors, and where the clerk postpones the filing of his certificate until the day following the expiration of the six-month period in which a special election may be called under the statute, *mandamus* will not lie to compel the board to call such an election.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel a board of city trustees to call a special election.

The facts are stated in the opinion of the court.

Nathan Newby, Tanner, Odell & Taft, and Gesner Williams, for Petitioner.

Neighbours, Hoag & Burke, and Paul W. Schenck, for Respondents.

WORKS, J., *pro tem.*—This controversy arises under the provisions of an act of the legislature familiarily known as the Wyllie Act, found in the Statutes of 1911 at page 599 and also printed in Deering's General Laws as Act 1696.

Section 1 of the statute provides, to quote so much of it only as bears upon this case, that "qualified electors of any incorporated city . . . numbering not less than twenty-five per cent of the number of votes cast for all candidates for

Governor, . . . in the city . . . at the last preceding election for Governor, . . . may petition the . . . board of trustees . . . of such city . . . to call an election to vote upon the question, whether the sale of alcoholic liquors shall be licensed in such city. . . . ''

Section 4 is as follows: ''Upon the filing of said petition the clerk of the body to which it is addressed shall forthwith examine it, and from the great register ascertain whether or not said petition is signed by the requisite number of qualified electors of the territory described therein, and, if necessary, he shall be allowed extra help for that purpose, and within ten days from the date of filing such petition he shall certify in writing the result of such examination and shall file this certificate with the petition. If the clerk finds the number of qualified signers to be insufficient, he shall immediately send a written notice to the person who filed the petition, stating the number of qualified signers he has found thereon, and that they are not sufficient; and the petition may be amended within ten days from the date of such notice by the filing of a supplementary petition. The clerk shall, within ten days after such amendment, make like examination and certification of the amended petition. If it is still found insufficient he shall notify the person who filed the petition of that fact, without prejudice, however, to the filing of a new petition to the same effect. If the petition shall be certified as sufficient, the legislative or governing body having jurisdiction over the territory described therein shall, within the time prescribed herein, call an election to be held in such territory to vote upon the question whether the sale of alcoholic liquors shall be licensed therein.''

Section 6 provides in full: ''If said petition shall be certified as sufficient within six months and not less than forty days before the holding of the next general state or general municipal election within the territory therein described, such question shall be submitted at said general state or general municipal election; otherwise a special election to vote upon the question shall be called to be held within not less than thirty nor more than sixty days after the petition has been certified as sufficient; provided that no election under this act shall be held within two years of any previous election held under this act within the same territory.''

Pursuant to the provisions of this act, certain electors of the city of Watts, of whom petitioner was one, petitioned the respondent board of trustees, on September 20, 1917, to call an election in the city to determine the question whether the sale of alcoholic liquors should be licensed therein. These facts are disclosed by the petition in the present proceeding, which also alleges, among other things, that upon the filing of the petition addressed to the board, the city clerk forthwith examined it and from the great register ascertained that it was signed by the requisite number of qualified electors under the act; that, within ten days from the date of filing, the clerk certified the result of his examination; that he presented the petition at a meeting of the board of trustees on October 9th, together with his certificate showing it to be sufficient; that at a meeting of the board held October 30th an ordinance calling a special election in accordance with the prayer of the petition was denied passage; that no ordinance calling a special election in the premises has ever been passed; and that the board refuses to call such an election and will not call one unless ordered to do so by this court. The answer shows, and the fact is, that the board has ordered the question submitted at the next general municipal election.

There was very little evidence introduced, as the greater part of the facts involved in the controversy were covered by stipulation. It has been noted that the petition in this proceeding, after alleging that the city clerk certified to the sufficiency of the petition for the calling of the election within ten days after its filing, further states that he "did present to the board of trustees the said petition and his said certificate on October 9, 1917, at a regular meeting of the board." The theory of the petitioner, as explained at the argument, was that the clerk had ascertained the sufficiency of the petition within the ten days next after it was filed and had thereupon made his written certificate showing its sufficiency, but that he had withheld the paper from the files of the board until October 9th. It was contended that this course of events amounted to a filing of the written certificate within the ten days. Whether that argument could have been successfully maintained in this proceeding against the board of trustees need not be considered, for evidence was totally lacking to justify the assumption of fact upon which it was based. The clerk, Virgil R. Franklin, was called to the witness-stand by

the petitioner. His testimony showed that he had so far examined the petition asking for the election, within the prescribed ten days, as to ascertain its sufficiency, but that he had neither written nor signed any certificate showing the result of his examination prior to October 9th. There was no other evidence upon this question. The conduct of the clerk in the respect just mentioned was flagrant and inexcusable and deserves the stamp of severe condemnation. His course appears to have been followed for no other reason than to thwart the desires and to violate the rights under the law of the signers of the petition to have a special election called at which should be submitted the question contemplated by the statute.

The chronology of the events bearing on this controversy, under the law and the evidence, is as follows: On September 20, 1917, the petition asking for the calling of an election was filed, September 30th was the last day allowed by the statute for the filing by the clerk of his certificate showing the result of the examination of the petition which he says he actually made before that date. Under the Municipal Corporation Bill (Deering's Gen. Laws, Act 2348, sec. 852), the next general municipal election is to be held in Watts on April 8, 1918. The next general state election will be held in November, 1918. The last day before the six-month period preceding the next general state or general municipal election, which period is mentioned in section 6 of the Wyllie Act, was therefore October 8, 1917. The certificate of the clerk was written, signed, and filed on October 9th, one day after the expiration of the period immediately preceding the six months.

The petition in this proceeding alleges that the members of the board of trustees knew, on October 2d, that the clerk had examined the petition asking for an election during the ten days next succeeding its filing and that he had then found it sufficient, but the allegation is denied in the answer and no evidence was offered to support it. We must, therefore, find that the members of the board had no actual knowledge on the subject. Can we say that, under the law, it was their duty to know what the clerk had done in the premises in advance of the filing of a written certificate and to know what was in his mind as a result of his acts, and that, therefore, they had a constructive knowledge on the subject? We are unable to see how we can make that assertion. While, under the terms of the act, the petition for an election was addressed to the board and was filed with the board, it is made the duty

of the clerk alone to examine such a petition and to certify to its sufficiency or insufficiency. We have already referred in fitting terms to the clerk's amazing dereliction of duty, but the stigma which justly attaches to him can in no way, that we can perceive, be fastened upon the board. We can see no reason why the members of the board should have been or could have been expected to make inquiry into the progress of the clerk's work nor into the state of his mind concerning his work. They were called upon to act only when a written certificate by the clerk should be filed showing the petition sufficient.

The rule that officers are presumed to have done their duty does not assist us out of the dilemma. We do not reach that point in this case, for the question here is whether there is an unperformed duty resting upon the trustees. It is only after we shall have ascertained that such a duty exists, that we may begin to indulge the presumption as to its proper performance. If we look for help to the maxim that a thing which ought to have been done will be regarded as done, we are reminded that the maxim also includes the proviso that the presumption may be indulged only "in favor of him to whom, and against him from whom, performance is due" (Civ. Code, sec. 3529) ; and the question in this action, again, is whether there is an unperformed act due from the board. If that be the case, then we may perhaps begin to regard the act as having been done.

We are not able to escape the conviction that no duty was incumbent upon the board of trustees, by way of submitting to the people the proposition contained in the petition for an election, until the filing of the clerk's written certificate showing the petition to have been signed by the requisite number of qualified electors; and that, in order that they might have been compelled to submit the question at a special election, the certificate must have been filed not later than October 8th. We are not called upon to say what relief, if any, the signers of the petition for an election may have or might have had against the clerk for his shameful violation of official duty; although we should have a different question to decide if proceedings to compel the clerk to issue his certificate had been instituted between September 30th and October 9th.

The petition for a peremptory writ of mandate is denied.

Conrey, P. J., and James, J., concurred.